IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID WILSON BROWN                                                    PLAINTIFF

                  v.                 Civil No. 3:11-cv-03114-PKH-JRM

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      **Factual and Procedural Background**

Plaintiff, David Wilson Brown, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income under Title XVI of the Social Security Act ("the Act"). 42 U.S.C. ch. 7, subch. XVI.

Plaintiff protectively filed his application on August 21, 2009, alleging a disability onset date of December 1, 2003,[1] due to attention deficit-hyperactivity disorder, headaches, right eye blindness, scoliosis, degenerative disc disease, diabetes mellitus, pain and numbness in his right leg, borderline intellectual functioning, depression, anxiety, problems with his ears, and high blood pressure. Tr. 14, 42-47, 171. On the application date, Plaintiff was forty-six years old with a ninth grade special education. Tr. 19, 54-55, 199. He has past work as a battery cleaner and construction worker. Tr. 19.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 67-70, 74-76. At Plaintiff's request, an administrative hearing was held on November 17, 2010. Tr. 36-59.

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to August 21, 2009. Tr. 41.

Plaintiff was present at this hearing and represented by counsel. On February 3, 2011, a supplemental hearing was held to allow Plaintiff's attorney to question the vocational expert ("VE"). Tr. 10, 27-35. The ALJ rendered an unfavorable decision on February 15, 2011, finding Plaintiff was not disabled within the meaning of the Act. Tr. 7-25. Subsequently, the Appeals Council denied Plaintiff's Request for Review on September 22, 2011, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Plaintiff now seeks judicial review of that decision.

## II.     Applicable Law

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that he is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The

Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits his physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his past relevant work; and (5) if the claimant cannot perform his past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given his age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.    ALJ's Determination

At step one, the ALJ determined Plaintiff has not engaged in substantial gainful activity since August 21, 2009, the application date. Tr. 12. At step two, the ALJ found Plaintiff suffers from borderline intellectual functioning, hypertension, right eye condition, degenerative disc disease, diabetes mellitus, and depressive disorder, which are considered severe impairments under the Act. Tr. 12. At step three, he determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 12-14.

At step four, the ALJ found Plaintiff has the RFC to perform work in which interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment required, and supervision is simple, direct, and concrete. Tr. 14-19. Additionally, the ALJ determined Plaintiff cannot perform work requiring excellent vision,

but can avoid normal workplace hazards and distinguish between the shapes and colors of small objects. Tr. 14-19. He further found Plaintiff can occasionally lift/carry ten pounds and frequently lift/carry less than ten pounds, sit for six hours during an eight-hour workday, stand/walk for two hours during an eight-hour workday, and occasionally climb, balance, crawl, kneel, stoop, and crouch. Tr. 14-19.

With these limitations, the ALJ determined Plaintiff could not perform any of his past relevant work. Tr. 19. However, after eliciting VE testimony, the ALJ found jobs existing in significant numbers in the national economy that Plaintiff could perform.[2] Accordingly, the ALJ concluded Plaintiff was not under a disability from August 21, 2009, the application date, through February 15, 2011, the date of the administrative decision. Tr. 20-21.

## IV. Discussion

On appeal, Plaintiff contends the ALJ erred by: (A) making an improper RFC assessment; (B) dismissing his subjective complaints; and (C) failing to find that his impairments equal Listing 1.04. *See* Pl.'s Br. 15-22. The Commissioner responds that substantial evidence supports the ALJ's decision. *See* Def.'s Br. 4-9. For purposes of this opinion, the court adopts the ALJ's description of Plaintiff's medical history. Furthermore, after reviewing the record and the appeal briefs submitted by the parties, the undersigned concludes that substantial evidence supports the ALJ's determination.

---

[2] The ALJ determined Plaintiff could perform the requirements of representative sedentary, unskilled occupations such as production assembler, an example being lens inserter, of which there are 200 jobs in Arkansas and 25,000 jobs nationally, machine operator/tender, an example being zipper-trimmer machine, of which there are 100 jobs in Arkansas and 20,000 jobs nationally, and hand packager, of which there are 200 jobs in Arkansas and 21,000 jobs nationally. Tr. 20, 228.

A. RFC Assessment

Plaintiff contends the ALJ's RFC assessment did not properly reflect his physical limitations. *See* Pl.'s Br. 16-18. At the fourth step of the evaluation, a disability claimant has the burden of establishing his RFC. *Eichelberger*, 390 F.3d at 591; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). A claimant's RFC is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC based on "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Masterson*, 363 F.3d at 737. The Eighth Circuit has stated that "a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Thus, although the ALJ bears the primary responsibility for determining a claimant's RFC, there must be "some medical evidence" to support the ALJ's determination. *Eichelberger*, 390 F.3d at 591; *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir 2000).

First, Plaintiff argues that the ALJ formulated his RFC assessment without medical guidance. To bolster his argument, Plaintiff points to the RFC assessment completed by Dr. Thomas, the agency consultant. *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) ("the assessment of a doctor who evaluates a claimant once or not at all does not usually constitute substantial evidence."). While it is true that Dr. Thomas determined Plaintiff's physical impairments were non-severe, the ALJ did not ultimately adopt his findings. To the contrary, the ALJ considered all the medical evidence of record, including the evaluations completed by Drs. Thomas, Payne, and Brownfield, and concluded that Plaintiff could perform a limited range of sedentary work.[3] None of Plaintiff's medical records

---

[3] "Sedentary work represents a significantly restricted range of work, and individuals with a maximum sustained work capability limited to sedentary work have very serious functional limitations." 20 C.F.R. Pt. 404, Subpt. P, App. 2.

demonstrate that he is unable to perform a limited range of sedentary, unskilled work. *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (absence of objective medical evidence to support claimant's complaints). As such, the court finds that substantial evidence supports the ALJ's RFC assessment.

Additionally, Plaintiff argues that the ALJ was required to order an updated consultative examination. *See* Pl.'s Br. 18. The ALJ has a duty to fully and fairly develop the record, even if a claimant is represented by counsel. *Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998). "It is well-settled that the ALJ's duty to fully and fairly develop the record includes the responsibility of ensuring that the record includes evidence addressing the alleged impairments at issue from either a treating or examining physician." *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000). While the Secretary is under no duty to go to inordinate lengths to develop a claimant's case, he must "make an investigation that is not wholly inadequate under the circumstances." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994) (quoting *Miranda v. Secretary of Health, Educ. & Welfare*, 514 F.2d 996, 998 (1st Cir. 1975)). There is no bright-line test for determining when the Secretary has failed to adequately develop the record; the determination must be made on a case by case basis. *Battles*, 36 F.3d at 45 (quoting *Lashley v. Secretary of Health & Human Serv.,* 708 F.2d 1048, 1052 (6th Cir.1983)).

Under the circumstances of this case, the ALJ fulfilled his duty to fully and fairly develop the record. Dr. Brownfield's examination took place on December 3, 2008, eight months prior to Plaintiff's alleged onset date. Tr. 344-349. In addition to Dr. Brownfield's examination, the ALJ relied upon extensive hospital records, medical tests, and treatment notes. As such, there is no

indication that the ALJ was unable to make an informed decision. *See Haley v. Massanari,* 258 F.3d 742, 749 (8th Cir. 2001) (ALJ was not required to send claimant for a consultative examination when the record contained numerous medical reports from treating physicians, consulting physicians, and psychologists spanning a six-year period). Moreover, the court can find no evidence that Plaintiff's attorney requested a consultative evaluation at the administrative level. *See Onstad v. Shalala,* 999 F.3d 1232, 1234 (8th Cir. 1993) ("it is of some relevance to us that the lawyer did not obtain (or, so far as we know, try to obtain) the items that are now being complained about"). If a consultative evaluation was so vital to the development of Plaintiff's case, the court wonders why Plaintiff's attorney failed to request one at the administrative level.

The ALJ had sufficient evidence to rely on in making his RFC determination. *See Tellez v. Barnhart*, 403 F.3d 953, 956-57 (8th Cir. 2005) (rejecting argument that ALJ failed to fully and fairly develop the record where there was no indication that the ALJ was unable to make RFC assessment). Moreover, Plaintiff has demonstrated no prejudice or injustice as a result of this alleged failure to develop the record. *See Onstad*, 999 F.2d at 1234 (unfairness or prejudice is necessary for a reversal due to failure to develop the record). Accordingly, the undersigned finds that the ALJ satisfied his duty to fully develop the record.

    B. <u>Subjective Complaints</u>

Plaintiff alleges that the ALJ improperly dismissed his subjective complaints. *See* Pl.'s Br. 18-19. When evaluating a claimant's subjective allegations, the ALJ must consider all evidence relating to: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) any precipitating and aggravating factors; (4) the dosage, effectiveness and side effects of medication; and (5) any functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.

1984). The ALJ "may not discount a claimant's allegations of disabling pain solely because the objective medical evidence does not fully support them." *Medhaug v.* Astrue, 578 F.3d 805, 816 (8th Cir. 2009) (quoting *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ). However, subjective complaints may be discounted if there are inconsistencies in the medical evidence as a whole. *Id.* A court "will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (quoting *Goff*, 421 F.3d at 792). It is well-settled that an ALJ need not explicitly discuss each *Polaski* factor; it is "sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints." *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004)).

Contrary to Plaintiff's assertion, the ALJ properly considered his subjective complaints. It is notable that the ALJ limited Plaintiff to less than the full range of sedentary work, which shows that he attached considerable weight to Plaintiff's subjective complaints. Plaintiff's credibility was somewhat diminished by reports of noncompliance with his blood pressure medication. *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001) (ALJ may properly consider noncompliance with medical treatment in weighing a claimant's credibility). Additionally, Plaintiff gave vague and differing reports to Dr. Efird concerning his history of alcohol use as well as his driver's license. Tr. 18. Finally, the ALJ found that Plaintiff's subjective complaints were simply inconsistent with the objective evidence in the record. *Hutton,* 175 F.3d at 655 (absence of objective medical evidence to support claimant's complaints).

Here, the ALJ cited the correct standard, considered the factors in conjunction with Plaintiff's testimony, and properly addressed Plaintiff's subjective complaints. *See Gates v. Astrue*, 627 F.3d

1080, 1082 (8th Cir. 2010) ("we defer to an ALJ's credibility determinations if they are supported by valid reasons and substantial evidence"). For these reasons, substantial evidence supports the ALJ's credibility analysis.

C. <u>Listing 1.04</u>

Finally, Plaintiff argues that the ALJ erred at step three by finding that his impairments did not meet or equal the medical equivalence requirements of Listing 1.04. *See* Pl.'s Br. 19-22. Specifically, Plaintiff argues that the ALJ should have obtained the opinion of a medical expert to determine if his combination of impairments medically equals Listing 1.04. *Id.* at 22. An impairment is medically equivalent under the regulations if it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a).

Listing 1.04 states the following:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular

      pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

      Plaintiff's argument is unpersuasive.  First, Plaintiff has not specifically demonstrated how his combination of impairments equals the requirements of Listing 1.04.  *See Pyland v. Apfel,* 149 F.3d 873, 877 (8th Cir. 1998) (claimant carries burden of proving that he or she meets or equals a Listing).  Although the record contains some evidence of nerve root compression and limited range of motion, there are no reports of motor loss and sensory or reflex loss.

      Additionally, the ALJ was not required to obtain an updated medical opinion from a medical expert, as Plaintiff's MRI results were available to, and considered by, both agency consultants. On August 20, 2009, Plaintiff underwent an MRI of his cervical spine, which revealed a disc protrusion with herniation at C6-7 and moderate spondylosis from C3-4 through C5-6, causing left-sided foramen narrowing at these levels.  Tr. 243.  Dr. Thomas, an agency consultant, specifically listed these findings in his December 3, 2009 RFC Assessment.  Tr. 410.  Plaintiff's MRI was also reviewed by Dr. Payne on March 10, 2010.  Tr. 530.  Neither of these physicians concluded that Plaintiff's impairments met or equaled a listing.  Furthermore, Plaintiff has not provided specific evidence to show that his impairments equal the requirements of Listing 1.04.  As such, the ALJ did not err in his step-three determination.

## V.    <u>Conclusion</u>

      Accordingly, having carefully reviewed the record, the undersigned finds that substantial evidence supports the ALJ's decision and recommends that the decision be affirmed and Plaintiff's case be dismissed with prejudice.  **The parties have <u>fourteen</u> days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The**

**failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 9th day of November 2012.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE